# CASES

# THE PREROGATIVE COURT

## OF THE STATE OF NEW JERSEY.

### FEBRUARY TERM, 1876.

THEODORE RUNYON, ESQ., ORDINARY.

SMITH and others, appellants, and SMITH'S ADMINISTRA-
TOR, respondent.

1. The Orphans Court has no power to determine as to the validity of
the claims of creditors of the estate, upon an application for an order for
the sale of decedent's lands for the payment of his debts ; they have such
power only in the case of insolvent estates.

2. The only examination which the Orphans Court can make on such
an application, is as to whether the necessity for the sale of real estate
does, in fact, exist ; and on that head they are to accept the report of the
administrator or executor, as to the amount of debts, unless the bona fides
of his statement be assailed, and it be made a question whether the claims
he reports have, in fact, been presented to him, or whether the amounts
thereof be not mis-stated. In such case, they are not bound to accept his
statement.

On appeal from decree of Hunterdon Orphans Court, or-
dering sale of land of John Smith, deceased, to pay his debts.

Messrs. Honeyman and Herr, for appellants.

Messrs. Voorhees and Large, for respondent.

Smith *v.* Smith's Administrator.

THE ORDINARY.

This cause was argued on written briefs. The only question presented by the brief of the counsel of the appellants is, whether the Orphans Court did not err in making the order for sale, seeing that the appellants presented proof as to the invalidity of claims to the amount of $1800, against the estate, reported by the administrator. This proof, they insist, should have led the court to adjudge that those claims were invalid. Had they been rejected, the personal property in the hands of the administrator would have been sufficient to pay the debts of the estate, with all expenses of administration. The administrator reported personal estate in his hands to the amount of $1273.80, and that the debts and expenses would together amount to $2540.89, leaving a deficiency of $1267.09. Among the debts were included three of $600 each, to Jeremiah, Christiana, and Elizabeth Smith, respectively. These, the appellants insist, should have been rejected by the court. The Orphans Court has no power to determine as to the validity of the claims of creditors of the estate, except in the case of insolvent estates. *Bassett's Adm'rs* v. *Pettit,* 1 *Harr.* 421. The statute (*Revision* 514, 515, §§ 71, 72, 73,) provides that when an executor or administrator discovers or believes that the personal estate is insufficient to pay the debts, he shall exhibit, under oath, to the Orphans Court of the county where the lands are situate, a true account of the personal estate and debts, as far as he can discover, and ask their aid; that the court shall make an order to show cause, and if, at the time fixed therein, they shall, on full examination, find that the personal estate is not sufficient to pay the debts, they shall, unless the heirs or devisees give bond, as provided by the act, order sale of the real estate, or so much as may be necessary. The examination to be made by the court does not embrace an adjudication upon the merits or validity of the claims of creditors. No provision is made for the litigation of these demands, as there is in the case of insolvent estates. Nor are the creditors notified to appear to substantiate their demands. The only examination which the court

can make, is as to whether the necessity for the sale of real estate does, in fact, exist; and, on that head, they are to accept the report of the administrator or executor, as to the amount of debts, unless, indeed, the *bona fides* of his statement be assailed, and it be made a question whether the claims he reports have, in fact, been presented to him, or whether the amounts thereof be not mis-stated. In such case, they are not bound to accept the statement. So, too, in reference to the personal estate. They are not required to accept the statement of the executor or administrator, but may inquire as to its correctness, and this involves the inquiry as to whether the executor or administrator has accounted for all the personal estate which has come to his hands, or, if he has, whether he has discovered all of the personal estate.

I see no error in the proceedings. The order for sale will be affirmed, with costs.